————o————

ROBERT N. DEAN, Defendant in Error, *vs.* THE LA MOTTE LEAD COMPANY, Plaintiff in Error.

1. *Corporation—Defence that officers making contract were acting for another foreign company of same name—Proof as to incorporation—Notice as to other company, etc.*—Plaintiff sued a corporation as organized under the laws of Missouri. The defence set up was that its managing officers, at the time of making the contract declared upon, were acting on behalf of a foreign corporation bearing the same name. The proof, however, showed an incorporation under the statutes of this State, and failed to show any notification that the officers were acting under other powers. *Held,* that plaintiff had a right to presume that the company was lawfully acting here in pursuance of authority derived from our statute; especially as the same persons were the managers of both corporations.

. 2. *Corporation—Change of name—Responsibility for old debts.*—Where for the purpose of convenience a corporation changes its name, but continues in the same general business with the same officers, the company under the new name is responsible for all the debts it has previously contracted.

### *Error to Madison Circuit Court.*

*R. B. Lockwood*, for Plaintiff in Error.

*Robinson & Clardy*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that on the premises of the defendant a barn was burnt, and through its agent the defendant offered a reward of five hundred dollars for the discovery, apprehension and conviction of the incendiary. The plaintiff and those whom he represents arrested the criminal and procured his conviction, and then claimed the reward; but the defendant refused to pay it, partly on the ground that another person was entitled to it, and partly for the reason that it was not the defendant that offered the reward. As to the first defence, it is sufficient to say that the question as to who was entitled to the reward was submitted to the trial court upon the evidence adduced by both parties, and the issue was found for the plaintiff, and that is conclusive upon that fact.

The second point is, that the defendant here sued did not offer the reward. The amended answer on which the case was tried, denied that there was any such corporation as that stated in the petition, and averred that there was a co-partnership existing and doing business under that name and style, and that it was the co-partnership that made the offer of the reward for the discovery, apprehension and conviction of the criminal. But this seems to have been abandoned on the trial and the defence sought to be established by the evidence was, that there were two corporations by the same name, one incorporated under the provisions of the laws of this State, and the other chartered under the laws of New York; and that at the time they were acting under the New York organization, and not under the corporation as authorized in this State.

·The record was produced and read in evidence, showing an incorporation according to the directions of our statute, and that amply sustained the allegations in the petition that defendant was a corporation under the laws of this State. It is not pretended that notice was ever given to anybody that defendant ever claimed to act under any other powers than those derived from the laws of our State. Under such circumstances those who dealt with it and relied upon its promises had a right to presume it was lawfully acting here in pursuance of authority emanating from our statute. More especially is this so, when it appears that the same identical men were the managing officers of both corporations.

It is further insisted for the defendant that the action cannot be maintained because it is a new organization and not the original one that offered the reward. Its own testimony in reference to this matter is this : The New York corporation and the Missouri corporation had precisely the same names, viz : The Mine La Motte Company, and, to avoid confusion, they changed the name to the La Motte Lead Company, and continued the same general business with the same officers. This company, under a new name, was responsible for all the debts it had previously contracted, and the suit was properly instituted.

There has been some criticism here in respect to the petition, but it was certainly good after verdict.

There is no merit in the defense; plaintiff was induced by the offer of the defendant and by its representatives to incur hazard in arresting a criminal, and expend money in employing counsel to procure his conviction, and he was entitled to the reward.

The obligation is now attempted to be avoided by the merest technicalities; the judgment was for the plaintiff, and it should be affirmed.

The other judges concur.